UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THERESA MARTIN                                                                    CIVIL ACTION

VERSUS

JAMES LEE, ET AL                                                                  NO. 06-41-A-M2

## RULING & ORDER

This matter is before the Court on the Motion to Compel and Motion for Contempt (R. Doc. 124) filed by defendants, Officer James Lee and the Town of Addis (collectively "defendants"). Plaintiff, Theresa Martin ("Martin"), has not filed an opposition to the defendants motion.

## PROCEDURAL BACKGROUND

The defendants are judgment creditors of Martin in the amount of $30,838.00, as set forth in the Ruling & Order in this matter rendered by the Court on June 24, 2009. Such monetary amount has not been paid or satisfied by Martin. On October 26, 2009, defendants filed a Motion to Examine Judgment Debtor, requesting that Martin appear and produce the documents listed in Paragraph 3 of that motion.[1] On January 22, 2010, the judgment debtor examination of Martin was held before the undersigned; however, Martin failed to produce the great majority of the documents listed Paragraph 3 of the judgment debtor motion at the time of the examination. According to defendants' present motion, at

---

[1] Although defendants indicate in their present motion to compel that the documents in question were requested through Exhibit A to their Motion to Examine Judgment Debtor, that does not appear to be correct. Exhibit A to that motion simply includes a copy of the undersigned's Report & Recommendation relating to defendants' Motion for Attorney's Fees and Costs and the district judge's Ruling & Order, adopting that Report & Recommendation as the Court's opinion and ordering plaintiff to pay defendants $30,838.00 in attorney's fees relative to defense counsel's preparation for and trial of this suit. The list of documents requested by the defendants for Martin's judgment debtor examination is actually contained in Paragraph 3 of the defendants' judgment debtor motion, rather than in Exhibit A to that motion.

1

the time of the hearing, plaintiff's counsel represented to defense counsel that the remainder of the documents requested in Paragraph 3 would be produced within the week. Despite that representation, as of the date the present motion was filed, April 27, 2010, the remaining documents still had not been produced. Defense counsel wrote plaintiff's counsel on two (2) occasions requesting those documents prior to filing the present motions. *See*, Letters from defense counsel to plaintiff's counsel dated February 2, 2010 and February 25, 2010, attached to defendants' present motion as Exhibits A and B. Through the present motions, defendants seek to have the Court: (1) compel Martin to produce the remaining documents responsive to Paragraph 3 of their judgment debtor motion; (2) hold Martin in contempt of court for failing to comply with a court order; and (3) award defendants the reasonable costs and fees they have incurred in preparing and filing their present motion.

## **LAW & ANALYSIS**

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. The rule specifically provides:

> LR7.5M    Response and Memorandum
>
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

As noted above, the present motion to compel and for contempt was filed on April 27, 2010, and the Court's electronic filing system indicates that notice of the filing of such motion was served upon plaintiff's counsel electronically on that same date at 10:44 a.m. CDT. More than twenty-one (21) days have elapsed since the service of the motion, and Martin has failed to file any opposition.  The motion is therefore deemed to be unopposed.

In addition to being unopposed, the undersigned finds that the motion has merit and should be granted.  The procedure for enforcement of judgments in federal court is set forth in Fed. R. Civ. P. 69(a), which provides:

> (1) A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2) In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a).  Thus, Fed. R. Civ. P. 69(a) permits post-judgment discovery to proceed in accordance with the Federal Rules or with Louisiana state rules concerning enforcement of judgments.  *See, Peterson v. Farrakhan*, 2009 WL 1543600 (N.D.Ind. 2009)(The judgment creditor may use the full range of discovery devices outlined in the Federal Rules of Civil Procedure).[2]  As such, defendants were authorized to conduct the post-judgment discovery at issue in this motion pursuant to Fed. R. Civ. P. 34, which allows for requests for production of documents, and pursuant to La. C.C.P. art. 2451, which

---

[2] *Consolidated Freightways Corp. of Delaware v. Kresser Motor*, 1995 WL 683587, *1 (N.D.Ill. 1995)("[P]ost-judgment discovery proceeds according to the federal rules governing pre-trial discovery").

3

permits examination of a judgment debtor, her books, papers, or documents upon any matter relating to her property or any person upon any matter relating to the judgment debtor's property. La.C.C.P. art. 2451. Because Martin failed to respond to defendants' requests for production of documents and failed to assert any objections thereto, defendants are entitled to an order compelling her to respond thereto pursuant to Fed. R. Civ. P. 37(a)(3)(B)(i).[3]

Additionally, Martin shall be held in contempt of court, under Fed. R. Civ. P. 37(b)(2)(A),[4] for failing to comply with the Court's Order dated December 8, 2009 (R. Doc. 115), which directed her to produce, at her judgment debtor examination, "the books, papers, and documents described in Paragraph 3 of the City's Motion to Examine Judgment Debtor." *See*, R. Doc. 115. Since these post-judgment proceedings can also be governed by state law procedures, Martin could also be held in contempt pursuant to La. C.C.P. art. 2456, which states that a judgment debtor may be held in contempt for refusing to appear for an examination, failing to produce his books, papers, or other documents when ordered to do so, or if he refuses to answer any questions held pertinent by the court. La. C.C.P. art. 2456.[5] Under La. R.S. 13:4611, Louisiana courts may punish a person adjudged guilty of a contempt of court by imprisonment or by fining that person

---

[3] Rule 37(a)(3)(B)(i) provides that a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if (i) a deponent fails to answer a question asked under Rule 30 or 31. Fed. R. Civ. P. 37(a)(3)(B)(i).

[4] Fed. R. Civ. P. 37(b)(2)(A) states that, if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders, including (vii) treating as contempt of court the failure to obey any order, except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A).

[5] Martin's failure to comply with the Court's December 8, 2009 Order could also considered constructive contempt of court under La.C.C.P. art. 224. *See*, La. C.C.P. art. 224(2)(A constructive contempt of court is any contempt other than a direct one and includes "willful disobedience of any lawful judgment, order, mandate, writ, or process of the court").

not more than five hundred dollars ($500.00).[6]  Considering that Martin failed to produce the large majority of the documents requested by the defendants at the time of her judgment debtor examination despite a court order directing her to do so, that she failed to produce the requested documents within one (1) week of that examination as she indicated she would do, that she ignored two (2) other requests by the defendants for those documents over the past three (3) months since her examination, without ever providing any justification for her failure to produce the documents, and that she has failed to file any opposition to this motion,[7] the undersigned finds that Martin's failure to produce the documents in question is intentional, knowing, and purposeful.[8]  As a result, she will not only be ordered to produce those documents, but she (and/or her attorney, depending upon whose conduct resulted in the failure to produce and necessitated this motion) will also be sanctioned in the amount of two hundred and fifty dollars ($250.00).

---

[6] La. R.S. 13:4611 provides that, except as otherwise provided by law, the supreme court, the courts of appeal, the district courts, family courts, juvenile courts, and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:

   (c)   For a deliberate refusal to perform an act which is yet within the power of the offender to perform, by imprisonment until he performs the act; and

   (d)   For any other contempt of court . . ., by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.

La. R.S. 13:4611.

[7] Martin has been allowed an opportunity to file an opposition to defendants' motion and show cause as to why monetary sanctions should not be imposed against her and/or her attorney; however, she has failed to do so.

[8] See, Parish of St. Charles ex rel. Dept. of Planning and Zoning v. Bordelon, 08-385 (La. App. 5 Cir. 10/28/08), 998 So.2d 751, 755, quoting Lang v. Asten, Inc., 2005-1119 (La. 1/13/06), 918 So.2d 453, 454("Although a district court has discretion to determine whether to find a person guilty of constructive contempt of court, a finding that a person willfully disobeyed a court order in violation of La.Code of Civil Proc. art. 224(2) must be based on a finding that the accused violated an order of the court "intentionally, knowingly, and purposefully, without justifiable excuse").

Finally, because the defendants' motion to compel and for contempt is being granted in its entirety and Martin has been given an opportunity to be heard concerning such motion, the Court must require Martin, her attorney, or both (again depending upon whose conduct necessitated this motion) to pay the defendants' reasonable expenses incurred in preparing and filing this motion, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A), since defendants attempted in good faith to obtain the discovery in question prior to seeking court intervention, since Martin has not demonstrated that her nondisclosure was substantially justified, and since Martin has not shown that any other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).

Accordingly;

**IT IS HEREBY ORDERED** that the Motion to Compel and Motion for Contempt (R. Doc. 124) filed by defendants, Officer James Lee and the Town of Addis, is **GRANTED** and that plaintiff, Theresa Martin, shall produce, within ten (10) days of this Order, those documents listed in Paragraph 3 of the defendants' Motion to Examine Judgment Debtor (R. Doc. 108) that she has not previously produced.

**IT IS FURTHER ORDERED** that, due to Martin's intentional, knowing, and purposeful failure to produce the documents in question on several occasions, she is held in **CONTEMPT OF COURT** and ordered to pay two hundred and fifty dollars ($250.00) in sanctions to the defendants as a result of her conduct.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 37(a)(5)(A), defendants are entitled to an award of the reasonable expenses they incurred in preparing and filing the present motion, and in connection with that award, the parties are to do the following:

(1)   If the parties agree to the amount of attorney's fees and expenses, plaintiff

and/or her counsel shall pay that amount;

(2) If the parties do not agree to the amount, defendants shall, within fifteen (15) days of the date this Order is signed, submit to the Court a report (along with evidentiary support) setting forth the amount of expenses and attorney's fees incurred in obtaining this Order; and

(3) Plaintiff shall have ten (10) days after the filing of defendants' report to file an opposition.

Signed in chambers in Baton Rouge, Louisiana, May 24, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**